IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01588-KLM

ROBERT LANDON,

    Plaintiff,

v.

HOLLY BLUMER, Nurse BCCF Medical DEPT,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#38][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#41] in opposition to the Motion, and Defendant filed a Reply [#43]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises.[3] For the reasons set forth below, the Motion [#38] is **GRANTED**.

---

[1] "[#38]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#16, #19, #20].

# I. Background[4]

At all relevant times underlying this lawsuit, Plaintiff has been incarcerated by the Colorado Department of Corrections at Bent County Correctional Facility ("BCCF") in Las Animas, Colorado. In short, this case stems from an accident in which a portion of a needle became stuck in Plaintiff's back and from the adequacy of the medical care he received afterwards from Defendant, a Registered Nurse, on June 21, 2017. *Undisputed Fact* [#43] at 3.

Except as indicated, the following facts appear to be undisputed. The morning of June 21, 2017, Plaintiff made his bed after getting his blanket back from the laundry. *Depo. of Pl.* [#38-1] at 33. He briefly laid on his bed, but as he pushed himself back up, a small sharp object jammed into his back. *Id.* He reached back and could feel the end of the object, but it broke as he tried to pull it out. *Id.* at 33-34. The object turned out to be a sewing needle from a sewing kit which inmates can purchase from the prison commissary. *Id.* at 38-39.

Plaintiff was seen at BCCF Medical at about 12:30 p.m. by Nurse Lon Dale Lowery III, R.N. ("Lowery"). *Medical Records* [#40] at 1. Based on a sign above the front desk, Plaintiff asserts that Defendant was the Charge Nurse that day, and therefore that she was responsible for making decisions about patients.[5] *Depo. of Pl.* [#38-1] at 44-45.

---

[4] "When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

[5] Defendant contests that she was the Charge Nurse and asserts that Nurse Lowery, as Plaintiff's treating medical personnel, was the one authorized to make any decisions concerning his treatment, including whether to send Plaintiff to an emergency room. *Motion* [#38] at 5 (citing *Decl. of Def.* [#38-2] ¶¶ 5-6).

In the medical records, Nurse Lowery described Plaintiff's complaint as follows: "Inmate states he layed [sic] down and felt a sharp poke in his back. Inmate came to clinic with half of a sewing needle stated he thinks the other half is stuck in his back. Inmate got shirt from laundry, did not see needle in one piece, does not know if the needle was broke (sic) prior to getting poked." *Medical Records* [#43] at 3. Plaintiff described his pain level as 2 out of 10. *Id.* Nurse Lowery also took Plaintiff's vitals. *Id.* at 2; *Depo. of Pl.* [#38-1] at 84.

Defendant concedes that she "briefly stepp[ed] into the examination room while Plaintiff was interacting with Nurse Lowery." *Def.'s Response to Rog No. 1* [#38-3] at 3. Plaintiff asserts that Defendant noted that there was no blood, looked at and tapped the end of the needle, looked his back, and said, "No, this is what poked you in the back. You didn't break it off, it just stuck in you, and you pulled [it] out."[6] *Depo. of Pl.* [#38-1] at 43. After that, she left the room. *Id.* at 44.

There is no indication in the medical records that Nurse Lowery observed any portion of a sewing needle in Plaintiff's back, but he contacted Alia A. Moore, M.D., who ordered an x-ray, and by 1:43 p.m. the x-ray had been scheduled for 8:40 a.m. the next morning. *Medical Records* [#40] at 1-3. The x-ray revealed a foreign object about 1.6 cm long that was believed to be the partial sewing needle, and Plaintiff was sent to the Emergency Department at Arkansas Valley Regional Medical Center that same day. *Id.* at 4-9; *Medical Records* [#41] at 30; *Depo. of Pl.* [#38-1] at 57. The partial needle was too

---

[6] Defendant asserts that she "did not exam[ine] the Plaintiff," that she "was not directly involved in treating the Plaintiff," and that she "believed Nurse Lowery was addressing any of the Plaintiff's medical issues." *Def.'s Response to Rog No. 1* [#38-3] at 3.

deep to be removed, however, and so consultation with a general surgeon was scheduled for July 3. *Depo. of Pl.* [#38-1] at 58-59, 62; *Medical Records* [#40] at 9-12, 14-15. On August 31, 2017, Plaintiff underwent surgery to remove the needle, and the procedure was believed to be successful. *Depo. of Pl.* [#38-1] at 53, 90; *Medical Records* [#40] at 19-21. However, the wound became infected afterward and Plaintiff had to undergo further surgery on March 29, 2018. *Depo. of Pl.* [#38-1] at 65-66; *Medical Records* [#40] at 23-25. On May 15, 2019, Plaintiff had an MRI taken of his back, which indicated that there remains a "metallic substance" in his back which "looks like a sewing needle." *Depo. of Pl.* [#38-1] at 53-54.

Based on these events, Plaintiff asserts a claim under the Eighth Amendment for deliberate indifference to medical needs against Defendant in her official and individual capacities.[7] Defendant seeks summary judgment in her favor on this claim. *Motion* [#38].

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[7] The briefs do not address whether Defendant is sued in her official and/or individual capacities, but Plaintiff's Second Amended Complaint indicates that he is suing her in both capacities. *See* [#8] at 2.

A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248. The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:

(1) A party asserting that a fact cannot be or is genuinely disputed must

> support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
>> . . .
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4).

## III. Analysis

Because inmates "must rely on prison authorities to treat [their] medical needs," the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The test for deliberate indifference is both objective and subjective, in that a detainee must establish that: (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) that the defendant subjectively knew of and disregarded "an excessive risk to [the detainee's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

With respect to the objective component, "the test is met if the harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). Further, "it is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the

prison employee had contact with the prisoner.'" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). For purposes of this Motion [#38], Defendant does not contest the objective component of the two-part test. She does, however, contest the subjective component. *Motion* [#38] at 12, 12 n.6.

With respect to the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer*, 511 U.S. at 837. Further, the "symptoms displayed are relevant . . . to the subjective component of the test: were the symptoms such that a prison employee knew the [specific] risk to the prisoner and chose (recklessly) to disregard it?" *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). "Significantly, this level of intent can be demonstrated through circumstantial evidence." *Id.* at 752. "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Thus, in this case, in order to prevail, Plaintiff must prove that Defendant knew of and disregarded a substantial risk of serious injury to Plaintiff. *See, e.g., Estate of Booker v. Gomez*, 745 F.3d 405, 430-31 (10th Cir. 2014) (noting a genuine issue of material fact regarding the cause of an inmate's death, including whether a delay in medical attention caused the death).

Plaintiff asserts that Defendant violated his rights by failing to "call the provider, like she should have, and initiate thing[s]." *Depo. of Pl.* [#38-1] at 79. He states that "she didn't take charge to send me to the Emergency Room; which, if she would have it's a great possibility that none of this would have ever been anything. 'Cause they could have got in there and got the needle out." *Id.* He states that if he had been sent to the Emergency Room on the afternoon of his injury, the needle "wouldn't have traveled this far, as it did,"

as he was purportedly told by unspecified medical personnel at the Emergency Room. *Id.* at 79-80.

In *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), the Tenth Circuit explained that it "recognize[s] two types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition."  The pertinent question here is whether Defendant was subjectively aware of the risk of serious injury to Plaintiff and recklessly ignored it by delaying or denying his access to appropriate medical care.  *See, e.g.*, *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016) (explaining that a deliberate indifference claim was stated where the "specific medical symptoms and vital signs presented to [the defendant] . . . indicated a need for further assessment, testing, diagnosis, and emergency medical treatment").

Ultimately, taking the evidence in a light most favorable to Plaintiff as the nonmoving party, as the Court must, *see Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990), the Court concludes that Plaintiff has not provided sufficient evidence on which a reasonable jury could find that Defendant violated Plaintiff's constitutional rights.  "'A [deliberate indifference] claim is . . . actionable only in cases where the need for additional treatment or referral to a medical specialist is obvious.'"  *Estate of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1227 (D. Colo. Mar. 31, 2016) (quoting *Self*, 439 F.3d at 1232).  Here, based on the evidence provided by Plaintiff, his need for additional immediate medical treatment was not obvious at the time when Defendant, according to Plaintiff, examined him.  *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)

(finding that the nurse defendant was deliberately indifferent because he was "present when appellant displayed symptoms consistent with a heart attack" and did not take action).

The undisputed evidence shows that at the time when Plaintiff was initially examined, there was no blood, Plaintiff's pain was a 2 out of 10, no object could be seen based on a visual inspection of Plaintiff's back, Plaintiff had in his possession the item that jabbed him, and no one knew at the time whether the needle had already been broken prior to jabbing Plaintiff. It is also undisputed that Plaintiff was immediately scheduled for an x-ray which occurred early the next morning. Even if believed by a jury, Plaintiffs' evidence does not adequately show that Defendant acted with deliberate indifference and "knew of and disregarded the excessive risk to [Plaintiff's] health that could result from the delay." *See Sealock*, 218 F.3d at 1210. At most, the evidence demonstrates inadvertent or negligent failure to provide appropriate medical care, rather than deliberate indifference to a serious medical need. *See Ramos*, 639 F.2d at 575.

In *Alloway v. Wackenhut Correctional Facility*, 15 F. App'x 743, 744 (10th Cir. 2001), the Tenth Circuit Court of Appeals stated that, "when a prisoner does in fact receive medical care, he has no Eighth Amendment claim based merely on his disagreement with the nature of the diagnosis." 15 F. App'x 743, 744 (10th Cir. 2001) (citing *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992)). Here, Plaintiff disagreed with nature of the diagnosis purportedly made by Defendant. Further, "[t]he record is clear that [Plaintiff's] medical conditions were monitored, that any adverse reactions were treated, and that he received examinations and medications or other treatment in response to his symptoms." *Alloway*, 15 F. App'x at 744. Under these circumstances, Plaintiff's claim "amount[s] to a difference of opinion or medical negligence." *Id.*

Additionally, the Court notes that, beyond Plaintiff's unsubstantiated statement, there is no evidence before the Court that the 24-hour delay between his examination by prison medical personnel and his examination at the emergency room resulted in substantial harm that he would not have otherwise endured. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) ("[A] delay in medical care 'only constitutes [a deliberate indifference] violation where the plaintiff can show that the delay resulted in substantial harm.'") (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)); *see also Mata*, 427 F.3d at 751 ("A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of [his] condition."); *but see Kellum*, 657 F. App'x at 770 ("Even a brief delay may be unconstitutional."). Thus, the Court finds that there is no genuine issue of material fact, and therefore Defendant is entitled to summary judgment as a matter of law.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED**. Summary judgment is entered in favor of Defendant, and the Clerk of Court is directed to **close** this case.

Dated: March 6, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge